Barbour, C. J. (dissenting).
It was the duty of the contractor to procure such a certificate from the inspectors and water purveyor as the contract provides for, and the production of that certificate by him was a condition precedent, without which he could not claim payment. But a certificate signed by the purveyor only would not, have been a performance of the condition. It must have had the signatures of all. If, then, the acts of the city officials or their neglect to appoint inspectors, prevented the obtaining of the certificate of such officers, such act or omission on the part of the city rendered it impossible for the contractor to perform his condition precedent. And as that was caused by the act or fault of the party for whose benefit the provision was inserted in the contract, the contractor was thereby excused from the performance of such impossibility.
There is no doubt the work was done according to the contract. The defence has no merits, but is strictly technical, the defendant claiming that the contractor has not performed the condition which entitles him to payment by producing the certificate of the proper inspectors and purveyor.
The answer is perfect. “I c.ould not perform the *567 condition, because the city refused or neglected to appoint or have the inspectors contemplated by the contract.”
The judgment should be reversed.